

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 6, 2026

**By ECF**

The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *State of New Jersey, et al., v. United States Department of Transportation, et al.*,
            No. 26 Civ 00939 (JAV)

Dear Judge Vargas:

        This Office represents the United States Department of Transportation, Sean Duffy in his official capacity as Secretary of Transportation, the Federal Railroad Administration, David Fink, in his official capacity as Administrator of the Federal Railroad Administration, the Federal Transit Administration, Marcus J. Molinaro, in his official capacity as Administrator of the Federal Transit Administration, the Build America Bureau, and Dr. Morteza Farajian in his official capacity as Executive Director of the Build America Bureau (collectively, the "Government" or "Defendants") in the above-referenced action seeking injunctive relief.  I write to respectfully request leave to file under seal portions of three exhibits submitted in support of the Government's contemporaneously filed opposition, in accordance with the Court's Individual Rule 10.C.ii.

        Along with its memorandum in opposition, the Government intends to file the declaration of Matthew Hawkins, with several exhibits, including Railroad Rehabilitation and Improvement Financing ("RRIF") agreements, attached as Exhibits E, F, and G.  We understand that these RRIF agreements contain proprietary and commercially sensitive pricing, budget, and other information of the Gateway Development Commission.

        While judicial documents are accorded a presumption of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1).  "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). First, the court must determine whether the documents at issue are "judicial documents." *Id.* (quoting *Lugosch*, 435 F.3d at 119).  Second, the court must determine the "weight of the presumption" of public access.  *Id.*  Third, the court must weigh countervailing interests against the presumption.  *Id.*

        While the Government does not contest that the accompanying exhibits to the Williams Declaration are judicial documents, as they are submitted "as supporting material in connection with a motion" that the Court must decide, *Lugosch*, 435 F.3d at 123, the other two factors weigh in favor of permitting the Government to file these documents under seal.

First, the weight of the presumption of access to the proposed redacted information is low here because it is not relevant to the court's adjudication of the pending motion. The Second Circuit has held that "[m]oving down the continuum, away from 'matters that directly affect an adjudication' and towards 'matters that come within a court's purview solely to insure their irrelevance,'" the weight of the presumption "is low and amounts to little more than a prediction of public access absent a countervailing reason." *Lugosch*, 435 F.3d at 121. Because this Court need not consider the underlying pricing or budget information contained in the RRIF agreements when deciding Plaintiff's motion for injunctive relief, the presumption of access to this portion of the documents is relatively low. *See id*; *see also Bakemark USA LLC v. Negron*, No. 23-CV-2360 (AT) (BCM), 2024 WL 379875, at *1 (S.D.N.Y. Feb. 1, 2024) (permitting redactions where the proposed redactions were "not particularly relevant to the parties' dispute, contain[ed] relatively recent and sensitive commercial information, and implicate[d] the potential privacy interests of third parties.").

Second, the countervailing interests against the presumption of disclosure also weigh in favor of the proposed redactions because we understand that the pricing information contained within the RRIF agreements is proprietary and could reveal competitive information that would present a distinct advantage to other contractors and subcontractors in similar, future contracts. "Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Courts in this Circuit have thus sealed pricing information, project pricing, costs and budgeting, when such disclosure subjects a party to financial or competitive harm. *See Matter of Upper Brook Companies*, No. 22 Misc. 97 (PKC), 2023 WL 172003, at *5 (S.D.N.Y. Jan. 12, 2023) (collecting cases); *Banco Santander*, 2020 WL 4926271, at *3 (finding airline's countervailing reason that disclosure of Agreement's financial terms would harm its competitive position sufficient to overcome a low presumption of access).

Accordingly, the Government respectfully submits this letter motion to file the attached document as redacted, in support of its contemporaneously-filed motion to dismiss. Plaintiff consents to the redactions we have proposed. I thank the Court for its consideration of this letter.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Chibogu Nneka Nzekwu*
C. NNEKA NZEKWU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2737
Email: chibogu.nzekwu@usdoj.gov

cc: Counsel for Plaintiff (By ECF)