UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

State of New Jersey, et al.,

        Plaintiffs,

    v.

United States Department of Transportation, et al.,

        Defendants.

Docket No. 26 Civ. 939 (JAV)

# DEFENDANTS' MEMORANDUM OF LAW PURSUANT TO FED. R. APP. P. 8(A) FOR A STAY PENDING APPEAL

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2633/2737
E-mail: tara.schwartz@usdoj.gov
chibogu.nzekwu@usdoj.gov

TARA SCHWARTZ
C. NNEKA NZEKWU
Assistant United States Attorney
– Of Counsel –

Pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A), defendants the United States Department of Transportation, Sean P. Duffy in his official capacity as Secretary of Transportation, the Federal Railroad Administration, David A. Fink, in his official capacity as Administrator of the Federal Railroad Administration, the Federal Transit Administration, Marcus J. Molinaro, in his official capacity as Administrator of the Federal Transit Administration, the Build America Bureau, and Dr. Morteza Farajian in his official capacity as Executive Director of the Build America Bureau (collectively, the "Government" or "Defendants") move for a stay of the Court's February 6, 2026, order enjoining it from implementing the Government's September 30, 2025, suspension, pending appeal.

Last week, New Jersey and New York ("Plaintiffs") sued the U.S. Department of Transportation ("DOT") under the APA, challenging DOT's September 30, 2025, decision to suspend funding to the Gateway Development Commission ("GDC"). GDC is a public authority created by Plaintiffs for the purpose of developing the Hudson Tunnel Project. Plaintiffs do not point to any statute requiring DOT to fund that project or to disburse funds on any particular schedule, nor do they claim themselves to be parties to any contract with the United States. Rather, their complaint asserts DOT violated the APA by failing to honor its contractual obligations—*i.e.*, DOT acted arbitrarily and capriciously or contrary to law by suspending funding allegedly due to GDC under contract. The remedy Plaintiffs seek is to compel the government to comply with its contractual obligations.

As the Supreme Court has repeatedly explained, however, claims of this kind cannot be brought under the APA. *NIH v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658 (2025); *California*, 604 U.S. 650. The APA's "limited waiver of sovereign immunity does not provide the District Court with jurisdiction to adjudicate claims based on [contractual] grants or to order relief designed to

enforce any obligation to pay money pursuant to those grants." *NIH*, 145 S. Ct. at 2659. It does not matter that Plaintiffs phrase their claims in terms of reasoned agency decisionmaking, or that they frame their remedy as a request to set aside a funding suspension: an "order vacating the government's decision to terminate grants under the APA is in every meaningful sense an order requiring the government to pay those grants." *NIH*, 145 S. Ct. at 2664 (Gorsuch, J., concurring in part and dissenting in part).

In the court's February 6 order, it held that these principles were inapplicable because Plaintiffs are not parties to the contracts; but as the Ninth Circuit recently recognized, that cuts *against* allowing APA review. *Thakur v. Trump*, No. 25-4249, __ F.4th __, 2025 WL 3760650, at *3 (9th Cir. Dec. 23, 2025). It would make no sense to allow indirect recipients of grant funding to bring APA claims challenging grant terminations while barring direct recipients of the grants from bringing those same claims. This case belongs in the Court of Federal Claims.

Indeed, at the same time Plaintiffs filed this action, GDC filed a breach-of-contract action in the Court of Federal Claims against the United States. *GDC v. United States*, No. 26 Civ. 176, ECF No. 1 (Ct. Fed. Cl. Feb. 2, 2026) ("GDC Complaint"). GDC contends that "[t]his is a straightforward breach of contract case." *Id.* ¶ 1. That is correct, and is why this Court lacks jurisdiction over this action under the Tucker Act, and its order granting relief to Plaintiffs was error.

Unless this Court's order is stayed by 1:00 pm today, the government will be forced to disburse up to $200 million, without any obvious mechanism for recovering that money later if the government prevails on appeal. That is irreparable injury. As the Supreme Court has recently made clear, such an order constitutes an appealable injunction, *California*, 604 U.S. 650. The

Government therefore respectfully requests that the Court grant an immediate stay of its February 6, 2026, order pending Defendants appeal.

Dated: New York, New York
February 9, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:   */s/ Tara Schwartz*
Tara Schwartz
C. Nneka Nzekwu
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, NY 10007
Telephone: (212) 637-2633
Email:   tara.schwartz@usdoj.gov
chibogu.nzekwu@usdoj.gov