

**Office of the New York State**  **Letitia James**
**Attorney General**  **Attorney General**

---

February 9, 2026

**By ECF**
Honorable Jeannette A. Vargas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE: Motion for Reconsideration in *New Jersey, et al. v. U.S. Dep't of Transportation, et al.*, No. 26-cv-939

Dear Judge Vargas:

      Plaintiffs the State of New Jersey and the State of New York respectfully move the Court for reconsideration of the Court's order, ECF No. 49 (the "Order"), granting in part and denying in part Defendants' motion for a stay pending appeal, ECF No. 47. Specifically, Plaintiffs request that the Court reconsider its order that the February 6, 2026, temporary restraining order (ECF No. 45, the "TRO") be administratively stayed until February 12, 2026, at 5:00 p.m., and terminate the administrative stay.

      "A request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put before the Court in its decision on the underlying matter that the movant believes the Court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *Anwar v. Fairfield Greenwich Ltd.*, 950 F. Supp. 2d 633, 637 (S.D.N.Y. 2013). In this instance, factual matters developed in parallel to the Court's preparation and issuance of the Order of which Plaintiffs believe the Court may not have been aware.

Less than an hour after seeking a stay from this Court, Defendants simultaneously moved for a stay pending appeal at 8:30 a.m. with the Second Circuit. Defendants' filing represented that this Court had already "implicitly denied" a stay motion because such a request was included in a footnote in Defendants' opposition to the TRO, ECF No. 23 at 22 n.4, and thus requested immediate relief from the Second Circuit by 1:00 p.m. today. No. 26-282 (2d Cir.), ECF No. 9. Plaintiffs thus filed their opposition brief at 12:07 p.m., and they promptly alerted the Second Circuit case manager. *Id.* ECF No. 10. The Second Circuit did not act on Defendants' motion for an administrative stay by 1:00 p.m., and they still have not done so.

Given these factual developments, of which this Court may not have been aware, Plaintiffs contend that the Court should reconsider and remove the administrative stay now that the stay is not needed to allow the Government and the Plaintiffs to brief a stay request. Moreover, the Second Circuit elected not to enter the administrative stay that Defendants sought by 1:00 p.m. today—even though it was not notified of this Court's administrative stay until 2:21 p.m.—indicating that it did not believe such a stay was warranted by that time.

The irreparable harm the States are facing remains and has worsened. The entry of the TRO has not had any practical effect because GDC has not yet received any money. Since Friday, there has already been suspended work, layoffs, and furloughs. And the impact of project delays will only get worse with each passing day. Plaintiffs contend that this irreparable harm outweighs the Government's interest in paying the overdue money to GDC.

Plaintiffs thus respectfully request that the Court reconsider and lift the administrative stay.

Dated: New York, New York  
February 9, 2026

LETITIA JAMES  
Attorney General of the State of New York

By: /s/ Rabia Muqaddam  
Rabia Muqaddam  
Chief Counsel for Federal Initiatives  
28 Liberty Street  
New York, NY 10005  
(212) 416-8883  
Rabia.Muqaddam@ag.ny.gov

*Attorney for Plaintiff State of New York*

JENNIFER DAVENPORT  
Acting Attorney General of New Jersey

By /s/ Jeremy M. Feigenbaum  
Jeremy M. Feigenbaum  
Solicitor General  
Office of the Attorney General  
25 Market Street  
Trenton, NJ 08625  
(862) 350-5800  
Jeremy.Feigenbaum@njoag.gov

*Counsel for the State of New Jersey*

CC: All counsel of record by ECF.