

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 10, 2026

**By ECF**

The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *State of New Jersey, et al., v. United States Department of Transportation, et al.*, No. 26 Civ 00939 (JAV)

Dear Judge Vargas:

      This Office represents the United States Department of Transportation, Sean Duffy in his official capacity as Secretary of Transportation, the Federal Railroad Administration, David Fink, in his official capacity as Administrator of the Federal Railroad Administration, the Federal Transit Administration, Marcus J. Molinaro, in his official capacity as Administrator of the Federal Transit Administration, the Build America Bureau, and Dr. Morteza Farajian in his official capacity as Executive Director of the Build America Bureau (collectively, the "Government" or "Defendants") in the above-referenced action. The government respectfully submits this letter in opposition to Plaintiffs' motion for reconsideration. Given Plaintiffs failure to articulate controlling law or facts that might reasonably be expected to alter the conclusion reached by this Court, their request should be denied. *Schansman v. Sberbank of Russ. PJSC*, 781 F. Supp. 3d 184, 189 (S.D.N.Y. 2025) ("The standard for granting a motion for reconsideration is strict). (quoting *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017)) (internal quotations omitted).

      On February 9, 2026, the government sought a stay of the court's February 6, 2025 temporary restraining order pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure. Shortly thereafter, the government sought a stay of the same from the Second Circuit.[1] That same day, this Court issued an order administratively staying the temporary restraining order issued on February 6, 2026. ECF No. 45. At approximately 1:18 PM, immediately after becoming aware of the District Court's order, the undersigned telephoned the Administrative Attorney for the Second

---

[1] As Plaintiffs point out in their request for reconsideration, in its motion to the Second Circuit, the government represented that "[p]er Fed. R. App. P. 8(a), the government, in opposing the TRO motion, requested a stay if the TRO were granted, which the district court implicitly denied." *See State of New Jersey v. U.S. Dep't of Transportation*, No. 26-282 (2d Cir. Feb. 9, 2026), ECF No. 9 at 4 n.1. That referred to the stay request made in the government's papers in opposition to the TRO, *see* ECF No. 48 at 22-23 n. 4 ("The government further requests that, if a temporary restraining order is entered, the Court enter a stay of this action pending the disposition of any appeal authorized by the Solicitor General."), not the stay motion that the government had filed with the Court only 30 minutes prior.

Circuit to inform that Court of the administrative stay and the consequent decreased urgency for the Second Circuit to adjudicate the Government's stay application. In light of the administrative stay issued by this Court, the government has adjusted its request to the Second Circuit to indicate that a ruling is now requested by 5 PM, February 12, 2026. *See* No. 26-282, Dkt. 12, Government Reply. On February 9, 2026, Plaintiffs filed a motion asking this Court to reconsider its February 9, 2026 order, ECF No. 49, administratively staying the temporary restraining order issued on February 6, 2026 until February 12, 2026 at 5:00 pm. ECF No. 45.

Plaintiffs have not pointed to any controlling law or factual matters that might reasonably be expected to alter the conclusion reached by the court in its administrative stay order. Rather, Plaintiffs merely summarize the timing of the stay application filings and the fact that this Court was first to rule. It is predictable that a party would seek a stay in both District Court and the Second Circuit as the federal rules permit such action. It is also predictable that one court may issue a decision before the other. Put frankly, Plaintiffs' motion fails because reiterating the government's district court and appellate filing history is insufficient to meet the requisite standard of a motion for reconsideration. In light of the strict standard for granting motions for reconsideration, Plaintiffs' motion should be denied. *Schansman v. Sberbank of Russ. PJSC*, 781 F. Supp. 3d 184, 189 (S.D.N.Y. 2025) (motions to reconsider are "generally denied," when the moving party fails to point to controlling decisions or data that the court overlooked that might "reasonably be expected to alter the conclusion reached by the court").

I thank the Court for its consideration of this letter.

        Respectfully,

        JAY CLAYTON
        United States Attorney for the
        Southern District of New York

By:    */s/ Chibogu Nneka Nzekwu*
       C. NNEKA NZEKWU
       TARA SCHWARTZ
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, NY 10007
       Tel: (212) 637-2737
       Email: chibogu.nzekwu@usdoj.gov
       Email: tara.schwartz@usdoj.gov

cc: Counsel for Plaintiff (By ECF)