February 11, 2026

**By ECF**
Honorable Jeannette A. Vargas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *New Jersey & New York v. U.S. Dep't of Transportation, et al.*, No. 26-cv-939

Dear Judge Vargas:

The Parties in the above-captioned action respectfully submit this letter in compliance with the Court's February 6, 2026, Order requiring the Parties to meet and confer. (ECF No. 45.)

1. **Whether, in connection with the motion for a preliminary injunction, the Court's consideration of the likelihood of success on Plaintiffs' APA claims is confined to an administrative record compiled by the United States Department of Transportation ("DOT").**

    **Parties' agreement:** Plaintiffs and Defendants agree that the regulatory correspondence attached to Plaintiffs' motion for a temporary restraining order and preliminary injunction, as well as the evidence Defendants submitted in connection with their opposition, constitute "those parts" of the "record" necessary for the Court to resolve Plaintiffs' claims, and no further supplementation is necessary. 5 U.S.C. § 706.

2. **The timing of the submission of a certified administrative record by the DOT for the Court's review.**

    **Parties' agreement:** Plaintiffs' and Defendants' agreement is as described in the answer to question 1.

3. **Whether any party will be seeking expedited discovery in connection with the motion for a preliminary injunction, and if so, the nature of such discovery.**

    **Parties' Agreement:** Plaintiffs and Defendants agree that no expedited discovery is necessary.

4. **Whether any party requests an evidentiary hearing in connection with the motion for a preliminary injunction, and if so, the timing and anticipated length of such a hearing.**

   **Parties' agreement:** Plaintiffs and Defendants agree that no evidentiary hearing is necessary.

5. **Whether the Court should consolidate a hearing on the preliminary injunction motion with a trial on the merits, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.**

   **Plaintiffs' position:** Plaintiffs believe that it is appropriate to consolidate their motion for a preliminary injunction with adjudication on the merits pursuant to Rule 65(a)(2) and to therefore treat the Parties' already-filed motion and opposition briefs as merits briefs in support of and in opposition to summary judgment for the Plaintiffs. Plaintiffs request the opportunity to file a reply brief on February 20, 2026, and request a one-time 14-day extension of the TRO to March 6 so the Court has sufficient time to adjudicate Plaintiffs' request for a judgment on the merits before the TRO expires. If the Court does not believe it is possible to adjudicate a request for a judgment on the merits by March 6, 2026, Plaintiffs do not request consolidation under Rule 65(a)(2) and instead request that the Court adjudicate their motion for a preliminary injunction before the TRO expires.[1]

   In all events, Plaintiffs firmly object to deferring adjudication of their request for a preliminary injunction or judgment on the merits until after the TRO has expired. That would defeat the purpose of Plaintiffs' request for preliminary relief and undermine the effect of the TRO that the Court has already entered. Plaintiffs have no assurance, and Defendants have offered none, that upon expiration of the TRO, their irreparable harms will have been remedied.

---

[1] Defendants have complained that they had limited time for their brief, and that this justifies the opportunity to file a new opposition. Plaintiffs note that they also had limited time to put this entire case together, considering the compliance of GDC with all of Defendants' requests. It did not become apparent that a suit would be necessary until shortly before February 6, the date on which the shutdown and layoffs began.

Even apart from exposing Plaintiffs to irreparable harms due to expiration of the Court's TRO, there is no reason to defer adjudication of Plaintiffs' request for relief until after adjudication of GDC's pending motion for partial summary judgment in the Court of Federal Claims. That motion seeks only retrospective damages for past amounts based on separate and legally distinct breach of contract claims. It does not vitiate Plaintiffs' need for forward-looking relief, and any ruling on that motion would not have any direct or indirect bearing on the merits of Plaintiffs' pending motion.

**Defendants' position:** The Government requests that any further briefing in this matter be postponed until after March 12, 2026. On February 10, 2026, a status conference was held in the action brought by the Gateway Development Commission ("GDC") in the Court of Federal Claims ("COFC"). During that conference, the COFC ordered an expedited briefing schedule on GDC's motion for partial summary judgment seeking immediate payment of past-due amounts, i.e., $205 million—the same relief plaintiffs in this action demand. The COFC indicated that after briefing is completed, it intends to issue a liability ruling from the bench on March 12, 2026. This expedited schedule indicates that the COFC is moving quickly to resolve the same issues before this Court. In the Government's view, the COFC's ruling will be helpful in guiding any further briefing by the parties in this case.

The Government does not believe that Plaintiffs will be prejudiced by this timetable. Although Plaintiffs indicate that they intend to seek a preliminary injunction, it is not clear why that is so. If the TRO remains stayed or is vacated on appeal based on a ruling that the Court lacks subject matter jurisdiction, this matter will be subject to dismissal on that basis. On the other hand, if the TRO enters into force, the Government's compliance with the TRO may obviate the need

for further interim relief. While Plaintiffs desire a final judgment permanently invalidating the challenged suspension, they do not appear to need such a judgment on an expedited basis.

If and when the Court sets a briefing schedule on a preliminary injunction motion or on the merits, the Government requests leave to submit a revised brief (along with a notice of motion) in support of its motion to dismiss the complaint for lack of subject matter jurisdiction and in opposition to Plaintiffs' merits brief.[2] The Government believes that a short additional period of time during which the Government can prepare a revised brief would allow the Government to present a fulsome defense, and more thoroughly address the issues in dispute and the current status quo. Further, the Government respectfully requests the opportunity to file a reply brief in further support of its motion to dismiss, which it otherwise would be entitled to submit.

6. **A briefing schedule for Defendants' motion to dismiss for lack of jurisdiction.**

**Plaintiffs' position:** Because Plaintiffs propose to consolidate their request for a preliminary injunction with summary judgment proceedings, and because Defendants' motion to dismiss arguments are identical to their arguments opposing Plaintiffs' motion for a preliminary injunction, Plaintiffs propose that no further briefing is needed for the Court to adjudicate Defendants' jurisdictional defenses unless and until the Court denies Plaintiffs' request for summary judgment. If the Court does not consolidate pursuant to Rule 65(a)(2), Plaintiffs propose that briefing on Defendants' motion to dismiss be deferred until after the Court rules on Plaintiffs' motion for a preliminary injunction. If the Court is inclined to enter a four-brief schedule with briefing closing on March 13, as proposed by Defendants below, Plaintiffs request that Defendants

---

[2] As the court is aware, the Government had only around 60 hours between when the action was served on Government counsel and when the Government's opposition papers were due to the Court and approximately 44 hours between when the Court directed the Government to serve opposition papers and when such papers were due to the Court.

4

file their opposition brief by February 24—three weeks after Plaintiffs' opening brief and 10 days before Plaintiffs' reply brief under the schedule below.

**Defendants' position:** The Government proposes that the parties meet and confer no later than March 16, 2026 and propose a schedule for further briefing.

To the extent the court enters a briefing schedule now, the Government proposes the following schedule:

1. Plaintiffs' opening brief: already submitted at ECF No. 11;
2. Government's brief in opposition and in support of its motion to dismiss: February 27, 2026;
3. Plaintiffs' reply in support of its motion and opposition to the Government's motion to dismiss: March 6, 2026;
4. Government's reply in further support of its motion to dismiss: March 13, 2026.

7. **Whether, in light of Defendants' motion to dismiss, Plaintiffs anticipate amending their complaint as of right, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.**

**Parties' position:** Plaintiffs do not anticipate amending their complaint as of right in response to Defendants' motion to dismiss, and Defendants have no position.

Dated: New York, New York
February 11, 2026

LETITIA JAMES
Attorney General of the State of New York

By: */s/ Rabia Muqaddam*
Rabia Muqaddam
Chief Counsel for Federal Initiatives
28 Liberty Street
New York, NY 10005
(212) 416-8883
Rabia.Muqaddam@ag.ny.gov

*Attorney for Plaintiff State of New York*

5

JENNIFER DAVENPORT
Acting Attorney General of New Jersey

By /s/ Jeremy M. Feigenbaum
Jeremy M. Feigenbaum
Solicitor General
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(862) 350-5800
Jeremy.Feigenbaum@njoag.gov

*Counsel for the State of New Jersey*

    JAY CLAYTON
    United States Attorney

By:   */s/ Tara Schwartz*
    TARA SCHWARTZ
    C. NNEKA NZEKWU
    Assistant United States Attorney
    86 Chambers Street, Third Floor
    New York, New York 10007
    Telephone: (212) 637-2633/2737
    Email: tara.schwartz@usdoj.gov
          chibogu.nzekwu@usdoj.gov

*Counsel for Defendants*