

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

February 13, 2026

**By ECF**
Honorable Jeannette A. Vargas
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE: Motion to Set Status Conference in *New Jersey & New York v. U.S. Dep't of Transportation, et al.*, No. 26-cv-939

Dear Judge Vargas:

      Plaintiffs the State of New Jersey and the State of New York respectfully move the Court to set a status conference this afternoon to address Defendants' compliance with this Court's February 6, 2026, temporary restraining order (ECF No. 45, the "TRO"). Despite the TRO's issuance a week ago, Defendants' representations that disbursements to GDC would be made on Monday unless a stay were entered by 1 p.m., and this Court's administrative stay having expired more than 20 hours ago, Defendants still have not released any funds to GDC. Nor have they provided any clear assurances about when the funds would be released. In the meantime, Plaintiffs continue to suffer irreparable harm with each additional day of delay—the very irreparable harm that gave rise to this Court's TRO in the first place.

      On February 9, Defendants filed simultaneous motions for emergency administrative stays of the TRO in this Court and the Second Circuit. Defendants contended in those motions that if

they did not receive a stay from either this Court or the Second Circuit by 1 p.m. that day, the Court's TRO would require them to disburse over $200 million in funds to GDC.

> Unless this Court enters an immediate administrative stay by 1:00 pm today, the government will be forced to disburse those sums without any obvious mechanism for recovering them later if the government prevails on appeal. (Second Circuit Motion at 2.)
>
> The district court's order requires DOT to immediately expend millions of dollars it will be unable to recover even if it later prevails. (Second Circuit Motion at 8-9.)
>
> Absent an administrative stay from this Court by 1:00 pm, the government will be forced to pay more than $200 million with no mechanism for recovering. (ECF No. 48 at 4.)
>
> The district court's order requires the government to permit the immediate disbursement of substantial federal funds. (Second Circuit Reply at 9.)

In response to these assertions, this Court entered a stay on Monday until 5 p.m. yesterday, February 12, to allow Defendants to seek a stay from the Second Circuit. Plaintiffs sought reconsideration of the Court's stay order, which was denied. Just before 5 p.m. yesterday, Judge Sarah Merriam of the Second Circuit issued a brief order referring Defendants' motion for a stay of the TRO to a panel "sitting as early as the week of February 23, 2026." The order did not grant Defendants' request to the Second Circuit for an administrative stay pending resolution of the motion.  Accordingly, this Court's stay order expired without a stay having been granted by the Second Circuit. Defendants therefore must comply with the TRO.

Consistent with Defendants' representations on Monday, Plaintiffs believe that the funds should have been disbursed immediately after the stay expired. Yet more than 20 hours later, Defendants have not done so.  They have instead suggested that additional processes are needed, and that even after Defendants complete those processes, the Department of Treasury will take one to two days to process the disbursements. Even worse, Defendants appear to have deliberately

delayed these processes. Following the Court's entry of a TRO, GDC initiated reimbursement requests for its FTA grants in the ECHO system. It was learned today that Defendants cancelled those requests earlier this week without having notified GDC. And today, when asked about the status of the FTA grants, FTA advised that they could not make any disbursement until GDC initiated new reimbursement requests in the ECHO system, which they have now done.

Plaintiffs understand that disbursements are generally not instantaneous—there are administrative processes within the Defendant agencies that occur prior to disbursing money. But given Defendants' clear representations in its motions, which were the sole basis for their assertions of irreparable harm, Plaintiffs reasonably did not believe that there were any such hurdles left. Those hurdles must have already been surmounted if the money was about to be disbursed without a stay by 1 p.m. on Monday.

It is now well into business hours today, February 13, and there is no sign of a wire transfer of any money, much less the over $200 million the Government asserted was ready to be disbursed at 1 p.m. on Monday in its filings earlier this week. Communications with Defendants' counsel have not produced any clear assurances of timing.

Plaintiffs respectfully request that this Court hold a status conference this afternoon so that Plaintiffs and the Court can ensure that Defendants are taking all steps necessary to comply with the Court's TRO.

Dated: New York, New York
February 13, 2026

LETITIA JAMES
Attorney General of the State of New York

By: /s/ Rabia Muqaddam
Rabia Muqaddam
Chief Counsel for Federal Initiatives
28 Liberty Street

New York, NY 10005
(212) 416-8883
Rabia.Muqaddam@ag.ny.gov

*Counsel for the State of New York*

JENNIFER DAVENPORT
Acting Attorney General of New Jersey

By <u>*/s/ Jeremy M. Feigenbaum*</u>
Jeremy M. Feigenbaum
Solicitor General
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
(862) 350-5800
Jeremy.Feigenbaum@njoag.gov

*Counsel for the State of New Jersey*

CC: All counsel of record by ECF.