**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STATE OF NEW JERSEY and STATE OF NEW YORK, | |
| Plaintiffs, | |
| v. | No. 26 Civ. 939 (JAV) |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, *et. al*, | |
| Defendants. | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this notice to apprise the Court of a decision issued yesterday, May 26, 2026, by the United States Court of Appeals for the Ninth Circuit, in *Thakur v. Trump*, No. 25-4249, 2026 WL 1466303, — F.4th — (9th Cir. May 26, 2026) (per curiam) (attached hereto as Exhibit A), that bears directly on the issues raised in Defendants' motion to dismiss, ECF No. 68. In *Thakur*, the Ninth Circuit held that the relevant question in deciding whether the Tucker Act bars a plaintiff's Administrative Procedure Act ("APA") claim in district court is whether the claim is "at its essence a contract action." *Id*. at *6 (quotation omitted).

The court rejected the plaintiffs' argument that because they are not parties to the contract with the government, the Tucker Act does not bar jurisdiction:

> Plaintiffs seek to distinguish *NIH* on the ground that they are not parties to the grant agreements at issue. Relying on the proposition that a "contract must be between the plaintiff and the government" to support a cause of action under the Tucker Act, Plaintiffs argue that because they are not in privity of contract with the government, the Tucker Act does not bar district court jurisdiction. *See Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998) (citation modified).
>
> The plaintiffs in *NIH* also included non-parties to the grant agreements, and the Supreme Court's reasoning did not turn on

1

> whether the plaintiffs were parties to the contracts at issue. The Supreme Court held that district courts lack jurisdiction "to adjudicate claims based on ... research-related grants or to order relief designed to enforce any obligation to pay money pursuant to those grants." *NIH*, 145 S. Ct. at 2658.

*Id*. at *7. Further, the *Thakur* court explained that the plaintiffs' reliance on *Community Legal Services v. HHS*, 137 F.4th 932 (9th Cir. 2025) was "misplaced" because:

> The core holding of [*Community Legal Services*] was that the plaintiffs' claim was not contractual. The plaintiffs there sought to enforce the government's statutory obligation to provide counsel to unaccompanied children in immigration custody, however that obligation could be satisfied. [*Community Legal Services*] established that where a plaintiff does not bring a contract claim, the Tucker Act does not provide consent to suit and does not impliedly forbid the plaintiff's non-contract claim.

*Id*. at n.4 (internal citations omitted).

In a concurrence to the per curiam opinion, Judge Christen stated explicitly that "the identity of the party bringing a claim is immaterial to whether the claim is contractual in nature," that a contractual claim "does not become non-contractual merely because it is brought by a party that is not in privity with the government," and that even if plaintiffs' lack of privity with the government would bar their claim in the Court of Federal Claims, "the mere absence of jurisdiction in the Court of Federal Claims for other reasons does not negate [the Tucker Act] or otherwise establish district court jurisdiction." *Id*. at *13-14.

The parties' briefing in this case discussed an earlier decision in *Thakur*, in which the Ninth Circuit stayed a preliminary injunction in relevant part. *See, e.g.*, ECF No. 69 at 17-19; ECF No. 71 at 14; ECF. No. 73 at 6-7 (citing *Thakur v. Trump*, 163 F.4th 1198 (9th Cir. 2025)). The recent decision, on the merits of the Government's appeal, reversed the preliminary injunction in relevant part.

2

Dated: New York, New York
      May 27, 2026

                Respectfully,

                JAY CLAYTON
                United States Attorney

By:    */s/ Tara Schwartz*
        TARA SCHWARTZ
        C. NNEKA NZEKWU
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Telephone: (212) 637-2633/2737
        Email: tara.schwartz@usdoj.gov
                chibogu.nzekwu@usdoj.gov

        *Counsel for Defendants*